962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Camilio VALENZUELA-ESTRADA, Defendant-Appellant.
 No. 91-50485.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.*
Decided May 4, 1992.
 
 Appeal from the United States District Court for the Southern District of California Judith Keep, United States District Judge, Presiding
 S.D.Cal.
 AFFIRMED.
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appealing his illegal re-entry conviction, Camilio Valenzuela-Estrada contends that the district court abused its discretion by permitting the government to reopen its case. This argument is without merit. The record indicates that the district court offered Valenzuela-Estrada a continuance to overcome any procedural disadvantage caused by the reopening, but he declined the opportunity. Under these circumstances, we cannot say that an abuse of discretion occurred. See United States v. McQuisten, 795 F.2d 858, 864 (9th Cir.1986), see also United States v. Huber, 772 F.2d 585, 592 (9th Cir.1985).
 
 
 3
 Valenzuela-Estrada nevertheless maintains that the district judge usurped the prosecutor's role and prejudiced his case. This concern properly arises in jury cases, where a judge's repeated interruptions may influence a decision. Compare United States v. Herbert, 698 F.2d 981, 984-85 (9th Cir.) (finding no prejudice because remark could have had "only minimal impact on the jury's decision"), cert. denied, 464 U.S. 821 (1983) with United States v. Pena-Garcia, 505 F.2d 964, 967 (9th Cir.1974) (remanding for a new trial due to judge's repeated interruptions during a jury case). This concern in not present here, however, because Valenzuela-Estrada received a bench trial. The district judge's expression of concern over the state of the evidence, which precipitated the government's request to take fingerprints, did not constitute an abandonment of the judge's judicial role.
 
 
 4
 In light of our conclusion that the reopening was proper, we need not address the denial of Valenzuela-Estrada's motion to suppress. The fingerprint evidence obtained during the reopening sufficiently established his identity, and any error in admitting the other fingerprints was harmless.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3